UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OGHENETCHOUWE ADEGOR-EDERAINE,

                                      Petitioner,

                                                                                                Case # 22-CV-6109-FPG

v.

                                                                                                DECISION AND ORDER

MR. GARLAND, *United States Attorney General*, et al.,

                                      Respondents.
_____

## INTRODUCTION

*Pro se* Petitioner Oghenetchouwe Adegor-Ederaine, a civil immigration detainee detained at the Buffalo Federal Detention Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He argues that his continued detention is unconstitutional. The government opposes the petition. ECF No. 4. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The following facts are drawn from the record. Petitioner is a citizen and native of Nigeria. ECF No. 4 at 15. In 2004, Petitioner was admitted into the United States as a lawful permanent resident. *Id.* In March 2019, Petitioner pleaded guilty to a money laundering conspiracy and aggravated identity theft. *Id.* Thereafter, the Department of Homeland Security ("DHS") served a Notice to Appear on Petitioner seeking his removal, and on June 23, 2021, Petitioner was taken into DHS custody. *Id.* at 16.

On October 8, 2021, an immigration judge ordered Petitioner's removal to Nigeria, a determination which Petitioner appealed. *Id.* at 74-75. On March 7, 2022, Petitioner filed the

1

present action. ECF No. 1. On April 5, 2022, the Board of Immigration Appeals remanded Petitioner's case to the immigration judge for further review. *See id.* at 100-02.

Petitioner has been in DHS custody for more than one year, and his removal proceedings remain pending.

## DISCUSSION

Under several theories, Petitioner argues that his continued detention without a bond hearing is unconstitutional. *See* ECF No. 1 at 4. However, because it is dispositive, the Court need only address Petitioner's procedural due process claim.[1]

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal. Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). The default rule is that officials may release aliens on bond or conditional parole while removal proceedings are pending. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018). "Section 1226(c), however, carves out a statutory category of aliens who may not be released." *Id.* The parties agree that Petitioner falls within the ambit of Section 1226(c). *See* ECF No. 1 at 4, 8; ECF No. 4-1 at 5-6.

---

[1] Insofar as Petitioner raises a substantive due process claim, he is not entitled to relief. Courts have recognized that an alien's detention may continue for such a long period as to violate his substantive due process rights, "regardless of the procedural protections afforded." *Fallatah v. Barr*, No. 19-CV-379, 2019 WL 2569592, at *3 (W.D.N.Y. June 21, 2019). The length of Petitioner's detention does not meet that onerous standard, however. *See Sanusi v. INS*, 100 F. App'x 49, 51 (2d Cir. 2004) (summary order) (six-year detention did not violate due process); *Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *5 (W.D.N.Y. Feb. 27, 2019) (detention lasting more than two years and three months insufficient to violate substantive due process).

By its plain terms, Section 1226(c) "mandates detention of any alien falling within its scope" and does not contemplate periodic bond hearings for said aliens. *Jennings*, 138 S. Ct. at 842, 847.  But this Court has held that "mandatory detention under Section 1226(c) may violate an alien's [procedural] due process rights if the alien is held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6060, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019); *see generally Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020).  To determine whether an alien's procedural due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period." *Frederick*, 2019 WL 1959485, at *2; *see also Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *5 (W.D.N.Y. Feb. 27, 2019).  If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify such detention. *Hemans*, 2019 WL 955353, at *5.

Applying this standard, Petitioner is entitled to a bond hearing.  First, Petitioner's detention has been unreasonably prolonged: he has been detained for over twelve months. *See, e.g., Fremont v. Barr*, No. 18-CV-1128, 2019 WL 1471006, at *4 (W.D.N.Y. Apr. 3, 2019) (collecting cases and noting that, after twelve months, courts "become extremely wary of permitting continued custody absent a bond hearing").  Furthermore, Petitioner cannot be faulted for the delays attendant to the normal administrative and appeals process, as he has not abused the processes available to him or otherwise maliciously delayed proceedings. *See Hechavarria*, 891 F.3d at 56 n.6 (distinguishing between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process"); *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018) (concluding that pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged").

Accordingly, Petitioner's detention has been unreasonably prolonged, and he has passed the first step.

Second, Petitioner has not received sufficient process to justify his continued detention, as he has not received a bond hearing at which the government bears the burden of proving by clear and convincing evidence that continued detention is justified. *See Velasco Lopez*, 978 F.3d at 855-56.

In short, because Petitioner's detention has been unreasonably prolonged, and because he has not received sufficient process, the Court concludes that Petitioner's continued detention violates his procedural due process rights. He is entitled to relief in the form of a bond hearing with proper procedural safeguards, as set forth below.

However, purely as a procedural matter, the Court notes that the only proper respondent is Jeffrey Searls, Officer-in-Charge of the Buffalo Federal Detention Facility. As the person with direct control over Petitioner's detention, he is the proper respondent given Petitioner's requested relief. *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—*i.e.*, those challenging present physical confinement." (quotation omitted)).

## CONCLUSION

For the reasons discussed above, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART. The petition is granted against Respondent Searls and is denied with respect to the remaining respondents.

By August 15, 2022, Respondent Searls shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing

evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community. To conclude that detention is justified, the immigration judge must also find that no less restrictive alternative to detention that could reasonably assure Petitioner's appearance and the safety of the community exists. If a bond hearing is not held by August 15, 2022, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. By August 18, 2022, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision. The Clerk of Court is directed to enter judgment and close the case.

    IT IS SO ORDERED.

Dated: August 1, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York